# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **SAYERS CONSTRUCTION, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:19-CV-00325-ADA-JCM |
| | § | |
| **TIMBERLINE CONSTRUCTION, INC.** | § | |
| **and HIGH VOLTAGE, INC.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANT TIMBERLINE CONSTRUCTION, INC. AND HIGH VOLTAGE, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2), 12(b)(3), 12(b)(5) AND THE COLORADO RIVER ABSTENTION

Before the Court is Defendants Timberline Construction, Inc.'s ("Timberline") and High Voltage, Inc.'s ("HVI") motion to dismiss. ECF No. 16. The defendants request the Court dismiss under Rule 12(b)(2), 12(b)(3), and 12(b)(5) *Id.* at ¶ 1. After carefully reviewing the related pleadings and the relevant law, the Court is of the opinion Defendants' motion to dismiss should be **GRANTED** for the following reasons:

### I. Procedural Background

Plaintiff Sayers Construction, LLC, ("Sayers") filed its complaint asking the Court to vacate a Florida arbitration award on May 28, 2019. ECF No. 1. Plaintiff filed a Motion to Vacate that same day. ECF No. 6. Plaintiff filed an amended complaint on July 2, 2019. ECF No. 13. Defendants specially appeared and filed their motion to dismiss on July 17, 2019. ECF No. 16. Plaintiff filed a response on August 13, 2019. ECF No. 20. Defendants filed a reply to Plaintiff's response on August 28, 2019. ECF No. 23.

## II. Factual Background

Sayers, a limited liability company formed in Texas, contracted with Timberline, a South Dakota corporation, and HVI, a Utah corporation, to perform a construction project in Florida. ECF No.6 at ¶ 2. The work continued from April 2016 through March of 2017, until Timberline stopped work on the project because of a payment dispute. ECF No.16 at ¶ 2. Before the dispute, Sayers and Timberline entered into a Master Agreement for Contract Services, which contained a Texas choice-of-law clause and an arbitration clause. ECF No.1, Ex. C, at ¶¶ 38, 51. Soon after the time of the breach, Timberline and HVI filed a Demand for Arbitration pursuant to the contract that controlled the parties project. ECF No.16 at ¶ 2. The American Arbitration Association ("AAA") set Mr. John Vento to preside over the arbitration in Coral Gables, Florida. *Id.* On February 25, 2019, Mr. Vento issued the First Interim Arbitration Award in favor of Timberline and HVI in an amount of $8,602,525.10. ECF No.1, Ex. A. Mr. Vento then issued a Second Interim Arbitration Award for attorney's fees and costs in the amount of $951,321.58. *Id.,* Ex. B.

On May 28, 2019, Sayers filed its Original Complaint and Application to Vacate Interim Arbitration Awards to this Court. ECF No. 1. In its amended complaint, Sayers alleged that the arbitration award should be vacated pursuant to 9 U.S.C. § 10(a)(2), (a)(3), and (a)(4). *Id.*, at ¶ 9. Sayers alleged that Mr. Vento had acted with evident partiality due to his failure to disclose professional relationships with counsel, was guilty of misconduct by awarding attorneys' fees, and exceeded his powers for the arbitration award by awarding amounts not subject to the agreement entered into by Sayers and Timberline/HVI. ECF No.6. Timberline and HVI then filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(3), (b)(5), and the *Colorado River* abstention. ECF No. 16. Because the Court finds the personal

jurisdiction issue dispositive, the Court will not address the Defendants other arguments for dismissal.

### III. Legal Standard

A defendant may assert lack of personal jurisdiction as a defense. FED R. CIV. P. 12(b)(2). When the defendant is a nonresident of the forum state, the district court considers first whether exercising jurisdiction over the defendant comports with due process. *Religious Tech. Ctr. v. Liebreich,* 339 F.3d 369, 373 (5th Cir.2003). If the requirements of due process are met, the court then applies the jurisdictional "long-arm" statute of the forum state. *Id.* The Texas long-arm statute has been interpreted to extend to the limit of due process. *Id.* As such, the two inquiries are the same for district courts in Texas. *Id.; see also* TEX. CIV. PRAC. & REM. CODE §§ 17.001–.093.

Due process requires a nonresident defendant be subject to the personal jurisdiction of the forum. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980). The Court applies a two-pronged test to determine whether a federal court may properly exercise jurisdiction over a nonresident defendant: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Freudensprung v. Offshore Technical Servs., Inc.,* 379 F.3d 327, 343 (5th Cir.2004).

A defendant's "minimum contacts" may give rise to either specific personal jurisdiction or general personal jurisdiction, depending on the nature of the suit and the defendant's relationship to the forum state. *Freudensprung,* 379 F.3d at 343. "A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy

arises out of or is related to the defendant's contacts with the forum state." *Id.* Even when the controversy is not related to the defendant's contacts with the forum state, however, a court may exercise general jurisdiction over the defendant if the defendant has such "continuous and systematic contacts" that the defendant is essentially at home. *Id.* If the nonresident defendant's contacts do not rise to the threshold of sufficient "minimum contacts", the court may not exercise personal jurisdiction over that defendant. *Int'l Shoe,* 326 U.S. at 316.

The plaintiff has the burden of making a prima facie case demonstrating the nonresident defendant has sufficient "minimum contacts" with the forum state to justify the state's exercise of personal jurisdiction. *Freudensprung,* 379 F.3d at 343. If the plaintiff makes a prima facie case, the burden shifts to the defendant to show such an exercise offends due process because it is inconsistent with traditional notions of fair play and substantial justice. *Id.* Finally, when a court rules on a 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must view the alleged facts in the light most favorable to the non-movant, and resolve all factual disputes in its favor. *Guidry v. U.S. Tobacco Co.,* 188 F.3d 619, 625 (5th Cir. 1999).

### IV. Analysis

In this case, the Court need only analyze whether specific personal jurisdiction exists. It is evidently clear from the record that neither Timberline nor HVI are subject to general personal jurisdiction in Texas.

The Court begins by addressing the first prong of the test—whether Timberline and HVI have sufficient minimum contacts with the forum state. At issue is whether Timberline and HVI purposefully directed their activities toward the forum state or purposefully availed themselves to

the privileges of conducting business there. While HVI acknowledges it is registered to do business in Texas, Timberline's only contact with Texas is the contract between it and Sayers.

Sayers argues Timberline and HVI are subject to personal jurisdiction because they purposefully entered into a contract with a Texas company for the purpose of doing business. Pl. Resp. at 19. Sayers further argues the "long-term" contract required performance in Texas because Timberline and HVI mailed invoices to Sayers' offices in Texas and because Work Orders were approved or denied in Texas. *Id.* at 20. Further, Sayers argues Timberline and HVI agreed to a choice-of-law provision in the contract establishing Texas Law as the applicable law in the contract. *Id.* Taking all of these facts as true, Sayers still fails to establish a prima facie case that Timberline and HVI's contacts with Texas arising from this dispute constitute sufficient minimum contacts.

It is well established that merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction. *Freudensprung,* 379 F.3d at 344. (5th Cir. 2004) (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986). The 5th Circuit has repeatedly recognized that the combination of "mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise" of specific personal jurisdiction. *Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.,* 921 F.3d. 522, 544 (5th Cir. 2019). *See, e.g.*, *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 213 (5th Cir. 2016) (finding no minimum contacts where "(1) [the defendant] did not negotiate the agreement in Texas, (2) [it] did not travel to Texas because of that agreement, and (3) the unwritten agreement did not require performance in Texas");

*Freudensprung*, 379 F.3d at 344 (5th Cir. 2004) ("[T]he combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant.").

In this case, Timberline executed non-disclosure agreements, exchanged business information, and executed a contract with Sayers, all while Timberline was in South Dakota. ECF No. 13, ¶¶ 13, 15. Additionally, invoices were sent to Sayers in Texas and payment was sent from Sayers to Timberline and HVI in South Dakota and Utah, respectively. *Id.* at ¶¶ 17, 18. While Sayers argues these contacts are sufficient to meet the minimum contracts requirement, these facts do not rise to the level of "purposeful availment" considered by the courts in the cases cited by the Plaintiff. *Cf Moncrief Oil Intern. Inc. v. OAO Gasprom*, 481 F.3d 309,312 (5th Cir. 2007) ("a plaintiff's unilateral activities in Texas do not constitute minimum contacts where the defendant did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas."). Sayers personal jurisdiction argument is further diminished by the fact that the material portions of the contract specifically addressing the construction work was to be completed in Florida, not Texas. *See Freudensprung,* 379 F.3d at 345. Thus, even accepting the facts pleaded by Plaintiff as true, Plaintiff fails to plead prima facie proof of sufficient minimum contacts arising from this civil action. Therefore, the Court need not analyze the second prong of the test.

In conclusion, Sayers and defendants entered into a contract to be performed in Florida. Sayers seeks relief from the Court asking the Court to vacate a Florida Arbitration Award. None of the contacts argued by Sayers are sufficient to show the required minimum contacts to

establish personal jurisdiction that comports with due process. Because Sayers failed to meet its burden showing the Court has personal jurisdiction over Defendants, the Court does not address the remaining issues.

## V.     Conclusion

For the reasons stated above, it is therefore **ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Amended Complaint and Motion to Vacate Interim Arbitration Awards are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED and ENTERED** this the 29th day of October 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE